GARRISON, Judge.
Plaintiff, Rose C. Miranti, filed this tort action against Elizabeth C. Jahncke, her husband, Davis Lee Jahncke and the Continental Insurance Company for injuries sustained in a vehicular/pedestrian accident which occurred on November 5, 1982.
On the date of the accident, Elizabeth Jahncke was attempting to park her car in the parking lot of the Winn Dixie store on Prytania Street in New Orleans. As Mrs. Jahncke was backing up to park in a spot which she had overshot, Rose Miranti walked across the parking lot into the path of the Jahncke automobile and was knocked down to the ground. Ms. Miranti was brought to Touro Infirmary where she was treated for her injuries.
*103 After a trial on the merits of this case, the jury returned a verdict in favor of the plaintiff in the amount of $50,000.00. This verdict was made the judgment of the court and the defendants now appeal. The plaintiff appeals the amount of damages awarded by the jury.
On appeal, the defense first argues that the jury erred in assessing negligence against Mrs. Jahncke. Specifically, the defense claims that this assessment was erroneous in light of the fact that the plaintiff testified that she looked but did not see the Jahncke vehicle even though she was facing the vehicle at the time of the accident. The defense further claims that Mrs. Jahncke acted as a reasonably prudent person and that the plaintiffs injuries were caused by her own negligence.
The testimony given at trial clearly supports a finding of negligence on the part of Mrs. Jahncke. Mrs. Jahncke admitted in her testimony that she looked behind her car before backing up but not at the time that she was actually backing up the car. Furthermore, she testified that as she was backing up and before she struck the plaintiff, there were two ladies ahead of her waving their arms trying to warn her that she was going to strike plaintiff. (Tr. 109-111, 113) Therefore, the jury had ample basis for its factual finding of negligence as to Mrs. Jahncke.
Secondly, the defense argues that the trial judge erred in failing to give comparative negligence charges to the jury. The defense claims that these instructions should have been given in light of the fact that the plaintiff testified that she looked but did not see the vehicle which struck her even though she was facing the vehicle at the time of the accident.
In not giving the requested jury charge on comparative negligence,[1] the trial judge was presumably following the leading case of Baumgartner v. State Farm Mutual Automobile Insurance Company, 356 So.2d 400 (La.1978), in which the Louisiana Supreme Court ruled that a plaintiff/pedestrian’s contributory negligence will not bar his recovery when a motorist negligently strikes the pedestrian. The trial judge echoed the rule set in Baumgartner when, in his charge to the jury, he stated that “the motorist cannot escape liability by proving that the pedestrian, admittedly in peril because of his own negligence, could have avoided injury more quickly than the motorist.”
The comparative negligence statute, Civil Code article 2323, was enacted in 1980. Prior to this enactment, a personal injury victim’s contributory negligence generally barred his recovery from a negligent defendant. The Baumgartner motorist/pedestrian situation was an exception to this rule. This exception allowed full recovery to a injured pedestrian regardless of his own negligence. Since the enactment of Article 2323, the question has arisen as to the continued applicability of the Baum-gartner rule. The question was recently resolved by the Louisiana Supreme Court in Turner v. New Orleans Public Service, Inc., 471 So.2d 709 (La.1985).
In the Turner decision, the court ruled that Art. 2323 has obviated the need for the continued application of the Baumgart-ner rule and that cases like Baumgartner will now be governed by the comparative fault doctrine of C.C. 2323. Of course, if the plaintiff is without fault in the accident, his recovery will continue to be 100% against the negligent motorist.
Because the Turner case had not been handed down at the time of this trial, the trial judge did not err in failing to give comparative negligence charges. However, this court has applied the Turner rule *104 and has compared the fault of both the victim and the defendant in this case in order to determine if the plaintiff’s recovery should be reduced in proportion to her contribution to the accident, if any. We conclude that the plaintiff was completely without fault in this accident and that her recovery should be 100% of the damages awarded by the jury. Therefore, this specification of error is without merit.
Finally, the plaintiff complains that the damages awarded by the jury were inadequate. The plaintiff was awarded $50,000.00, which included approximately $16,000.00 in medical expenses. The plaintiff was examined by Dr. William Leon and Dr. Gordon P. Nutik. Dr. Nutik examined Ms. Miranti on the day of the accident and concluded that she sustained a hematoma of the right thigh and a fracture of the tibial plateau (an injury to her left knee). She was later hospitalized for an infection in her right thigh. The plaintiff was discharged from Dr. Nutik’s care after nine months. Dr. Nutik’s opinion is that the plaintiff will have a 5% disability in her left knee. Dr. Nutik admitted on cross-examination that the plaintiff’s pre-existing Pa-get’s disease was not aggravated by the accident.
Dr. Leon examined the plaintiff on De.cember 17, 1982 because of the ulceration and infection of her right thigh. Dr. Leon continued to treat Ms. Miranti and testified that her condition resolved itself within four months of the accident and that she has no permanent disability from the accident. Dr. Leon also testified that the plaintiff’s underlying Paget’s disease was not aggravated by the accident.
In light of this testimony, it does not appear that the award of $50,000.00 in damages was an abuse of discretion. While other testimony indicates that the plaintiff is not as active as she was prior to the accident, the medical testimony indicates that the $50,000.00 award was not inadequate.
For the reasons stated above, the judgment of the trial court is affirmed.
AFFIRMED.

. Civil Code Article 2323, effective August 1, 1980 reads as follows:
When contributory negligence is applicable to a claim for damages, its effect shall be as follows: If a person suffers injury, death or loss as the result partly of his own negligence and partly as a result of the fault of another person or persons, the claim for damages shall not thereby be defeated, but the amount of damages recoverable shall be reduced in proportion to the degree or percentage of negligence attributable to the person suffering the injury, death or loss.