PLOTKIN, Judge.
This appeal arises from a vehicular-pedestrian accident in which the trial court found Kevin Harrison, plaintiff-pedestrian, 40% at fault and Michael Keller, defendant-driver, 60% at fault. The defendant appeals on the basis that there was manifest error in the trial court’s (1) according credibility to the accounts of the accident given by the plaintiff and an independent witness; (2) denying a thorough cross-examination of the independent witness; and (3) failing to allow the reporting police officer to convey the information contained in the police report.
On Saturday morning, September 29, 1984, at the comer of North Broad Street and Orleans Avenue, plaintiff, who was waiting for a bus on Orleans Ave., saw a stove cover fall from a truck onto Broad St. He noted two lanes of traffic stopped on Broad St. for the red light as he went into the street to retrieve the stove cover. When he bent over to pick it up, he was hit by a police car driven by defendant, a reserve police officer for New Orleans Police Department. Plaintiff’s right leg was broken as a result of the accident. One witness, Ms. Darlene Malasovich, testified at the trial that she was stopped at the traffic light next to defendant and that she saw the accident.
Defendant alleges that there was manifest error in finding him at fault for the injuries of plaintiff because there are inconsistencies in plaintiff’s account and each of the parties and the witness gave a different version of the accident. He argues plaintiff’s testimony changed from the first to the second day of trial. On the first day the following testimony occurred:
Q. Did you look to see if any traffic was coming before you entered the street?
A. Yes, ma’am, I did.
Q. What exactly did you do?
A. I checked for traffic and then I entered the street at the comer and I walked up the street and retrieved the object.
On the second day of trial, the plaintiff was being cross-examined and the following occurred:
Q. So, your testimony is that you walked from the bus stop to the middle of the street to retrieve the object and then you were struck?
A. Yes, Ma’am.
The defendant argues that there is a discrepancy between these two statements by the plaintiff. This argument is without merit; the plaintiff merely agreed with the condensed version of his actions offered by the opposing attorney.
*214 Ms. Malasovich, however, testified that plaintiff entered the street from the right side and reached the neutral ground before he was hit. The exhibits indicate that plaintiff was struck by the left front fender of defendant’s car, and testimony reveals the stove cover plaintiff was retrieving was in the left lane beyond the center line of Broad St. Ms. Malasovich’s statement that plaintiff walked all the way to the neutral ground and turned back to recover the stove cover does not invalidate the account that she offered. The pertinent facts are that the witness saw the plaintiff enter the street from the right side, walk toward the neutral ground to retrieve the stove cover, and bend over to pick it up; she saw the defendant’s car accelerate, travel across Orleans Avenue and hit the plaintiff.
Ms. Malasovich also testified that as she was waiting for the light to change, she looked into defendant’s car which was to her right and saw him excitedly answer a radio phone. Then, looking only to the right, defendant accelerated just before the light became green. Ms. Malasovich testified that she realized immediately that defendant did not see the plaintiff in the street.
The defendant offers the following account of the accident: after serving as a crowd control police officer at a road race, he drove down Broad St., stopped at the corner of Orleans Ave. and waited for the light to change; when it turned green, he drove through the intersection and suddenly from between two parked cars, the plaintiff darted into the street. The defendant testified that he saw the plaintiff only two or three seconds before the impact.
A pedestrian-vehicular accident is governed by the law of comparative negligence. LSA-C.C. art. 2323; Turner v. NOPSI, 471 So.2d 709 (La.1985); Miranti v. Jahncke, 482 So.2d 102 (La.App. 4th Cir.1986). Although the motorist controls a greater instrumentality of harm, the pedestrian has the burden of proving that the motorist was negligent. There is no recovery if the pedestrian fails to carry his burden of proof. McKenzie v. NOPSI, 455 So.2d 678 (La.App. 4th Cir.1984), writ denied, 460 So.2d 1043 (La.1984). Thus the question to be determined here is whether the court was manifestly in error in assessing negligence against the defendant.
Jurisprudence has held that a motorist must be on guard to see anyone who might be in danger. Rottman v. Beverly, 183 La. 947, 165 So. 153 (1935); Baumgartner v. State Farm, 356 So.2d 400 (La.1978). In the case at bar, the defendant testified that he was not aware of the truck that dropped the stove cover or the stove cover in the street and that he did not see the plaintiff until two or three seconds before impact. The independent witness saw the stove cover and realized that the plaintiff was going into the street to retrieve it. We find no manifest error in the trial court’s accepting the accounts of the plaintiff and the independent witness. These two accounts rather than being inconsistent corroborate each other in that the witness stated the defendant was looking only to the right and plaintiff testified that he was just over the center line which would be to the front left of defendant, and plaintiff was hit by the left front fender.
The defendant’s second argument, that he was unfairly denied a thorough cross-examination of the witness, is without merit. In his cross-examination, defendant’s attorney asked the witness seven questions which were all variations of the same query, to-wit: “Are you sure the defendant was looking to the right all the time?” When he was phrasing the eighth such question, the judge interrupted and suggested the witness had answered that question.
Defendant’s third assignment of error is specious. He argues that the trial court erred in failing to allow the reporting police officer to testify as to the information contained in the police report that he had prepared. However, it is clear from the record that the trial court would not grant any credibility to the police officer’s testimony or any report that he had prepared. At trial Officer Xedos testified that the plaintiff told him at the scene of the accident that plaintiff had come into the *215 street from between two parked cars. On cross-examination, the officer admitted that he arrived on the scene ten minutes after the ambulance had taken the plaintiff to the hospital. In his reasons for judgment the Judge stated:
This Court is ... embarrassed and hurt, that this report would come in from this police officer which indicates clearly that he is not telling the truth in this report. ...
We find no error in the trial court's refusal to allow testimony from an officer who had lost credibility with the court.
Having examined the evidence in the light of Canter v. Koehring Co., 283 So.2d 716 (La.1973) and Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), we find no clear error in finding defendant at fault or in the degree of fault that the court assigned. The defendant did not see what he should have seen. We cannot say that there was manifest error in finding him negligent and assessing him with 60% of the negligence. Accordingly, for the reasons stated above the judgment of the trial court is affirmed.
AFFIRMED.